**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-6535

GEORGE WILSON, III, a/k/a Charles
L. Gaston,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-7258

GEORGE WILSON, III, a/k/a Charles
L. Gaston,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CR-93-461-A)

Submitted: October 30, 1998

Decided: March 22, 1999

Before WIDENER, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Remanded in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

George Wilson, III, Appellant Pro Se. Gary DiBianco, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In No. 98-6535, George Wilson, III appeals the district court's order denying his motion filed under 28 U.S.C.A.§ 2255 (West 1994 & Supp. 1998) and orders denying his motions seeking relief under Fed. R. Civ. P. 60(b), reconsideration, and correction of an illegal sentence. In No. 98-7258, Wilson appeals the district court order denying his motion for release pending appeal of the§ 2255 action and an "appearance hearing for release on condition."

Wilson raises several issues in No. 98-6535, all of which but one we find meritless. Wilson asserts his counsel was ineffective at sentencing for failing to alert the court to U.S. Sentencing Guidelines Manual Amend. 484 and to object to the volume of PCP used to determine his base offense level. Effective November 1, 1993, Amendment 484 states that for determining the weight of a controlled substance for sentencing purposes, "[m]ixture or substance does not include materials that must be separated from the controlled substance before the controlled substance can be used. Examples of such materials include the fiberglass in a cocaine/fiberglass bonded suitcase, beeswax in a cocaine/beeswax statue, and waste water from an illicit laboratory used to manufacture a controlled substance."

The court assigned Wilson a base offense level of 36 based upon 14.1 kilograms of the PCP mixture. See USSG§ 2D1.1(c) (1994).

2

Wilson contends that laboratory analysis showed that only a portion of the entire mixture was actually PCP. The remaining part of the mixture was ether, which evaporates before the PCP is used. See, e.g., United States v. Brown, 921 F.2d 785 (8th Cir. 1990) (cigarettes are dipped into the PCP-ether mixture; the ether evaporates and the cigarettes are dried and sold). We agree that the entire weight of the PCP mixture should not have been used to determine Wilson's base offense level.

In order to support a claim that counsel was ineffective, Appellant must show: (1) that counsel's performance fell outside a wide range of reasonable conduct and (2) that counsel's performance prejudiced the defense to an extent "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington, 466 U.S. 668, 687 (1984). The "prejudice" component focuses on the question of whether counsel's performance rendered "the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

It is possible that, despite counsel's failure to object to the volume of PCP used to determine the base offense level, Wilson cannot show counsel's conduct was prejudicial. A laboratory analysis report prepared on November 24, 1993 disclosed that a sample of the PCP/ether-mixture contained 4.018 grams of actual PCP. If the percentage of actual PCP contained in the sample was applied to the entire 14.1 kilograms, it will show how much actual PCP was contained in the entire 14.1 kilograms. This may or may not result in a finding that the base offense level, as determined by the volume of actual PCP, is the same as the base offense level imposed due to 14.1 kilograms of the PCP/ether mixture. If the result is the same regardless of which measurement was used, then Wilson was not prejudiced by counsel's conduct. We are unable to determine with certainty from the record before us the size of the sample from which the 4.018 grams was derived or whether the sample was representative of the entire 14.1 kilogram mixture. We thus cannot determine the actual quantity of PCP for which Wilson should be held accountable. Accordingly, we remand to the district court for the purpose of making a factual finding regarding how much actual PCP was in the 14.1 kilogram mixture based upon the laboratory analysis report and other evidence.

Thus, in No. 98-6535, we remand on the claim that Wilson received ineffective assistance of counsel at sentencing for his failing to object to the volume of PCP used to determine Wilson's base offense level for the court to make the above factual finding. We have reviewed the remainder of Wilson's claims and find no reversible error. Accordingly, we deny a certificate of appealability and dismiss the appeal as to all other issues on the reasoning of the district court. See United States v. Wilson, No. CR-93-461-A (E.D. Va. July 29, Sept. 2, Sept. 23, 1997). We grant Wilson's motion to file an erratum.

In No. 98-7258, we have reviewed the record and the district court order and find no reversible error. Accordingly, we deny a certificate of appealability and dismiss that appeal on the reasoning of the district court. See United States v. Wilson, No. CR-93-461-A (E.D. Va. July 22, 1998). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 98-6535, REMANDED IN PART, DISMISSED IN PART
No. 98-7258, DISMISSED

4